**MARYLAND SHIPBUILDING AND DRYDOCK COMPANY, Appellant,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Appellee.**

**No. 78–1799.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1979.

Decided April 11, 1980.

---

Dwight C. Stone, Charles C. W. Atwater, Baltimore, Md., Mylander, Atwater & Stone, Baltimore, Md., on brief, for petitioner.

Mary A. Sheehan, U. S. Dept. of Labor, Washington, D. C., Carin Ann Clauss, Sol. of Labor, Cornelius S. Donoghue, Jr., Acting Associate Sol., Washington, D. C., on brief, for respondent.

Before WINTER, RUSSELL and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Petitioner, Maryland Shipbuilding and Drydock Company, seeks review of a decision of the Benefits Review Board, United States Department of Labor affirming the decision of an administrative law judge in a case arising under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (the "Act"). Petitioner does not contest the award of total disability compensation but appeals that portion of the decision holding it liable for the entire disability, contending that a portion of the disability payments should be made by a special fund hereafter described.

On October 29, 1971 Paul B. Miller, an employee of petitioner, was assigned to assist in repairing a vac-o-voyer, a machine used to clean out the tanks of ships after the tanks have been sandblasted. In the course of this work, Miller fell and injured his back. He has since been forced to discontinue work because of back pains. Miller was fifty-two years old at the time of the accident and has a fourth grade education. Prior to sustaining the injury to his back in 1971, Miller had received treatment for diabetes, emphysema, and congestive heart failure. Examination after the October, 1971 accident revealed the pre-existing conditions of multiple spondylosis and arthritis in Miller's back. There was no evidence as to whether these disabilities were present when Miller commenced work in approximately 1957.

Following the October, 1971 fall, Miller made a claim for workmen's compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act. A hearing was held before Administrative Law Judge Garvin Lee Oliver on June 28, 1974.

Medical testimony indicated that the injury sustained by Claimant Miller resulted in a permanent disability of between five and twenty percent of a total permanent disability from which Claimant suffered. A condition which pre-existed the October 1971 injury, arthritis in the back, raised the disability due to back problems to between twenty and forty percent of Miller's total disability.

Judge Oliver found on February 15, 1975, that Miller was entitled to total disability benefits. He found that the work accident caused only forty percent of this total disability. Miller was, therefore, to receive full permanent total disability payments pursuant to Section 8(f) of the Act, 33 U.S.C. § 908(f). Petitioner was held responsible for forty percent of Miller's compensation payments. The remainder of the compensation would be paid out of a federally created and administered special fund, established by 33 U.S.C. § 944.

The Solicitor from the Department of Labor, representing the interests of this special fund, appealed to the Benefits Review Board, challenging the use of the fund. The Board accepted the finding that Claimant Miller had a permanent total disability, but remanded the case to the Administrative Law Judge to determine if the October 29, 1971 injury could be in itself responsible for the total disability. If such were the case, use of the special fund would be improper and petitioner would be liable for the entire compensation to be paid.

On remand, no additional evidence was taken, but the record was reviewed by Administrative Law Judge V. M. McElroy (Judge Oliver no longer being a member of that office). Judge McElroy found that the back injury alone was sufficient to prevent Miller from engaging in gainful employment, and that petitioner was fully liable for the compensation that was awarded. The Benefits Review Board affirmed the later Administrative Law Judge's decision. This appeal followed.

Section 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f) states, in part:

(1) In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as is found to be attributable to that injury . . . If following an injury falling within the[se] provisions . . . the employee is totally and permanently disabled, and the disability is found not to be due solely to that injury, the employer shall provide compensation for the applicable prescribed period of weeks . . . for the subsequent injury, or for one hundred and four weeks, whichever is greater . . . .

(2) After cessation of the payments for the period of weeks provided herein, the employee or his survivor entitled to benefits shall be paid the remainder of the compensation that would be due out of the special fund established in section 944 of this title.

■■■ Section 8(f) is intended to encourage the employment of handicapped workers, by protecting an employer who hires a handicapped worker from paying total disability compensation for an injury that would have been a partial disability but for pre-existing conditions. *Atlantic & Gulf Stevedores, Inc. v. Director, Office of Worker's Compensation Programs, United States Department of Labor,* 542 F.2d 602 (3rd Cir. 1976). The ultimate purpose, of course, is to protect a handicapped applicant or employee from loss of employment. *Lawson v. Suwanee Trust & Steamship Co.,* 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949); *American Mutual Insurance Co. of Boston v. Jones,* 426 F.2d 1263 (D.C.Cir. 1970). A liberal application of this section is, therefore, in keeping with Congressional design.

■■■ Findings of fact of the Benefits Review Board may not be disturbed by this Court unless they are unsupported by substantial evidence on the record considered as a whole. *O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); *Maurice P. Foley Co., Inc. v.*

*Balderson*, 569 F.2d 132 (D.C.Cir. 1977), *cert. denied*, 439 U.S. 818, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978). We hold, however, that, when viewed in light of this liberal application which should be given to Section 8(f) of the Act, there was not substantial evidence to support the finding that the injury from Miller's 1971 fall was alone sufficient to constitute a total permanent disability.

The testimony of Claimant Miller and medical witnesses comprised the entire evidentiary record. The medical witnesses concluded that Claimant's back injuries constituted a permanent disability of between twenty and forty percent of his total medical disability. Administrative Law Judge Oliver subsequently found that Miller's back injuries, including both the damage due to the fall and the damage from arthritis, accounted for forty percent of the permanent total disability under the Act.

 Admittedly, the percentages adduced from the medical testimony are a measure of anatomical impairment and the Act makes it clear that "disability" is an economic, not a medical, concept. Degree of "disability" cannot be measured by physical condition alone, but must be considered with such factors as the injured worker's age, industrial work history, and availability of work which he can perform. *American Mutual Insurance Co. of Boston v. Jones, supra.*

In the record, however, there is no indication that the forty percent medical disability from the back injuries does not accurately reflect the ratio of that disability to the entire compensable disability which includes that from pre-existing causes. Claimant Miller's age and industrial work history are a matter of record as a result of his testimony at the hearing, but this testimony does not challenge the validity of reliance upon the medical percentages. There is no evidence as to the availability of other employment or the effect of Miller's various injuries on alternate employment. The first Administrative Law Judge, therefore, could, and did, under these circumstances, properly rely upon the percentage of ana-

tomical disability in determining what percentage of the total disability was chargeable to the 1971 fall.

The Benefits Review Board, in their previous action remanding Administrative Law Judge Oliver's decision for further consideration, stated that he had failed to consider whether Claimant's back injuries were sufficient to constitute a total disability. A reading of Judge Oliver's opinion reveals that he was well aware of the distinction between a medical disability and "disability" under the Act and made his findings accordingly. These findings should not have been disturbed. The decision of the Benefits Review Board must, therefore, be reversed.

*REVERSED.*