JOHN T. CLARK & SON OF MARYLAND, INC. and American Mutual Insurance Company, Petitioners,

v.

BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 79–1133.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1979.

Decided May 6, 1980.

R. Roger Drechsler, Baltimore, Md. (Lord, Whip, Coughlan & Green, P. A., Baltimore, Md., on brief), for petitioners.

Mary A. Sheehan, U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D. C., on brief), for respondent.

Before WIDENER and PHILLIPS, Circuit Judges, and HOFFMAN,* Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

■ This petition is brought under Section 21(c), 33 U.S.C. § 921(c), of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, (the Act). Petitioners, John T. Clark & Son of Maryland, Inc., and its insurance carrier, American Mutual Insurance Company (referred to collectively as employer), seek review of a final order of the Benefits Review Board affirming an administrative law judge's award to a longshoreman, Jesse P. Parks, for permanent total disability. At issue is whether the employer's liability should be limited by the special fund provision of Section 8(f) of the Act, 33 U.S.C. § 908(f).[1]

Jesse Parks is presently sixty-six years old. He began working on the docks as a longshoreman in 1937, usually as a slingman who loaded and unloaded cargo. Parks has a rather extensive history of medical problems. When he was sixteen he sustained an eye injury, resulting in permanent total blindness in his right eye. In 1945 he injured his lower back such that it required surgery and a rather extensive layoff. He received compensation benefits for this injury. In 1968, while employed by Clark & Son, he fractured his right foot (for which he was compensated). From June 1973 until February 1974, Parks was disabled by a number of illnesses and medical problems

---

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Section 8(f) provides in pertinent part:
   (f) Injury increasing disability:
   (1) In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as is found to be attributable to that injury . . . .. If following an injury falling within the provisions of subdivision (c)(1)–(20) of this section, the employee is totally and permanently disabled, and the disability is found not to be

due solely to that injury, the employer shall provide compensation for the applicable prescribed period of weeks provided for in that section for the subsequent injury, or for one hundred and four weeks, whichever is the greater. In all other cases of total permanent disability or of death, found not to be due solely to that injury, of an employee having an existing permanent partial disability, the employer shall provide in addition to compensation under paragraphs (b) and (e) of this section, compensation payments or death benefits for one hundred and four weeks only. . . .

unrelated to his employment, including pneumonia and an intestinal tumor which required surgical removal. In April of 1974, he was hospitalized for stomach blockage. Following his recovery, Parks returned to work on April 29, 1974.

On May 17, 1974, Parks sustained an injury to his left elbow. As a result he underwent surgery to transplant the ulnar nerve. The parties agree that since the May 17th injury Parks has been permanently and totally disabled. According to medical evidence, at the time of his injury Parks was already suffering from an existing left arm impairment brought about by cervical spondylosis.

▮ On the basis of testimony by Parks' neurosurgeon, the administrative law judge found that Parks suffers an 80 percent impairment of his left arm, of which 80 percent is attributable to the May 17th injury. (In effect, then, the May 17th injury caused a 64 percent impairment of Parks' left arm.) The administrative law judge determined that the 64 percent loss of use of his arm was sufficient, in and of itself, to totally disable Parks as a longshoreman. As the administrative law judge saw it, Parks' previous disabling physical conditions did not contribute to the permanent total disability that resulted from his arm injury, and, therefore, employer was not entitled to the application of Section 8(f) of the Act.[2] In a split (2–1) decision, with Chairman Smith dissenting, the Board upheld the findings of the administrative law judge. *Parks v. John T. Clark & Son of Maryland, Inc., et al.*, BRB No. 77–478 (Jan. 10, 1979).

▮ Upon review[3] we find ourselves largely in agreement with Chairman Smith, at least insofar as he urges the application of Section 8(f). *See id.* (Smith, Chairman, dissenting). In our opinion, the conclusion that the May 17th injury could, by itself, support an award of permanent disability is not supported by substantial evidence.[4] There was no testimony to the effect that the May 17th injury, of itself, would prevent Parks from working.[5] The decisions

2. Where a subsequent injury and its effects are alone sufficient to cause permanent total disability the mere presence of a pre-existing disability will not warrant contribution from the special fund. *Carpenter v. Potomac Iron Works, Inc.*, 1 BRBS 332, BRB No. 74–208 (Feb. 28, 1975). *See Maryland Shipbuilding and Drydock Co. v. Director, Office of Workers' Compensation Programs, United States Department of Labor*, 618 F.2d 1082 at 1084 (4th Cir. 1980).

3. Under the applicable standard of review for administrative decisions under the Longshoremen's Act, we may reverse only where there was an error of law or when a finding of fact is unsupported by "substantial evidence on the record considered as a whole." *O'Leary v. Brown-Pacific-Maxon, Inc.*, 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483 (1951).

4. We recently addressed this issue in *Maryland Shipbuilding and Drydock Co. v. Director, Office of Workers' Compensation Programs, United States Department of Labor*, 618 F.2d 1082 (4th Cir. 1980), a case factually similar to the present case. There we held that section 8(f) should be liberally applied in favor of the employer.

    Section 8(f) is intended to encourage the employment of handicapped workers, by protecting an employer who hires a handicapped worker from paying total disability compensation for an injury that would have been a partial disability but for pre-existing conditions. *Atlantic & Gulf Stevedores, Inc. v. Director, Office of Worker's Compensation Programs, United States Department of Labor*, 542 F.2d 602 (3rd Cir. 1976). The ultimate purpose, of course, is to protect a handicapped applicant or employee from loss of employment. *Lawson v. Suwanee Trust & Steamship Co.*, 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949); *American Mutual Insurance Co. of Boston v. Jones*, 426 F.2d 1263 (D.C.Cir.1970). A liberal application of this section is, therefore, in keeping with Congressional design.

*Maryland Shipbuilding and Drydock Co.*, at 1084.

    Dr. Brager, the only live medical witness produced, stated the opinion that Parks was totally disabled as the result of a "combination of things". He went on to list "a number of pre-existing and continuing medical problems, including chronic lung disease, the abdominal problems, the hypertension . . . the blindness in the right eye." This does not amount to substantial evidence that Parks would be totally disabled solely as a result of the May, 1974 arm injury.

5. When dealing with Section 8(f) the employer should not be required to bear the burden of showing that suitable alternate employment would have been available for claimant with his

of both the administrative law judge and the Board seem to disregard Parks' cervical condition, which pre-existed the arm injury and which was a contributing factor in his total disability. On the basis of the evidence presented to the administrative law judge, the only reasonable conclusion is that Parks' existing permanent partial disability *combined* with the May 17th injury to produce permanent total disability. Accordingly, the decision of the Benefits Review Board must be reversed.

REVERSED.

arm injury. *Cf. American Stevedores, Inc. v. Salzano*, 538 F.2d 933 (2d Cir. 1976) (In contexts *other than Section 8(f)* the employer may have the burden of showing opportunities for work once a disability is proven). Here, there was no evidence as to the availability of alternate employment. *See Maryland Shipbuilding and Drydock Co., supra*, at 1085.

