931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Petitioner,
v.
Herbert ROUGHTON, Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 90-2157.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1991.
Decided April 30, 1991.
As Amended June 11, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Lawrence Philip Postol, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for petitioner.
 
 
 1
 Joshua T. Gillelan, II, Office of the Solicitor, United States Department of Labor, Washington, D.C. (Argued), for respondents; Robert P. Davis, Solicitor of Labor, Carol A. De Deo, Associate Solicitor, Janet R. Dunlop, Counsel for Longshore, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent Director, P. Scott DeBruin, Patten, Wornom & Watkins, Newport News, Va., for respondent Roughton.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 Before SPROUSE and WILKINSON, Circuit Judges, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 PER CURIAM:
 
 5
 This petition for review constitutes an appeal from a final order of the United States Department of Labor Benefits Review Board reversing the decision of an administrative law judge that granted petitioner's application for second injury fund relief pursuant to 33 U.S.C. Sec. 908(f). The Board determined that the judge had applied the incorrect legal standard in awarding second injury fund relief, and that such award was not supported by substantial evidence in the record.
 
 
 6
 We affirm the Board in all respects.
 
 I.
 
 7
 Claimant Herbert Roughton worked as a shipfitter and supervisor at Newport News Shipbuilding and Dry Dock Company (NNS) from 1956 until 1982, during which time he was continually exposed to asbestos. Roughton was hospitalized for non-occupational disabilities--carotid artery disease (hardening of the arteries located in the neck which supply blood to the brain) and hypertension--in July 1981, and he retired approximately one year later because of their disabling effects. Subsequent to his retirement, in April 1983, Roughton was diagnosed as having asbestosis. Roughton underwent extensive pulmonary function testing at the Medical College of Virginia in February 1985, at which time it was determined that he suffered from a mild restrictive ventilatory defect and a reduced oxygen tension after exertion. Symptoms of this respiratory impairment included chest pain and dyspnea (shortness of breath) on exertion. In accordance with the American Medical Association's Guides to the Evaluation of Permanent Impairment, Roughton's impairment was calculated at 10%. The parties have agreed that such impairment entitles Roughton to disability benefits of $27.08 per week.
 
 
 8
 Roughton's employer, NNS, filed a claim under section 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. Secs. 901-950, to decrease its liability for these disability payments, alleging that Roughton's pre-existing artery disease had contributed, at least in part, to his permanent 10% respiratory impairment.[1]
 
 
 9
 At the hearing before the administrative law judge (ALJ), the in-house medical director of NNS, Dr. Harmon, tesifying as a medical-expert witness, answered affirmatively when asked whether Roughton's artery disease and hypertension had "combined with the asbestosis to lead to a greater disability than would have existed with the asbestosis alone." Dr. Harmon further testified that it would be "hard to really quantify which disease is causing the symptoms" given that asbestosis and atherosclerotic cardiovascular disease both manifest similar symptoms, e.g., shortness of breath.
 
 
 10
 Based on this testimony, the ALJ granted NNS second injury fund relief, finding that Roughton's artery disease had resulted in his having a "greater degree of disability than if he had asbestosis alone because the symptoms produced by asbestosis are similar to those caused by his pre-existing carotid artery disease and hypertension...."
 
 
 11
 The Director, Office of Workers' Compensation, appealed the decision to the Labor Benefits Review Board for a determination of whether the ALJ's section 8(f) award was based on substantial evidence. The Board affirmed the ALJ's award of benefits, but reversed the award of section 8(f) relief on the grounds that the ALJ had applied the incorrect legal standard in analyzing the evidence of record, and had based its decision on the legally inadequate medical testimony of Dr. Harmon.
 
 
 12
 The full Board voted en banc not to reconsider NNS's petition for reconsideration. We now affirm based on the insubstantial medical testimony relied on by the ALJ.
 
 II.
 
 13
 To qualify for second injury fund relief under section 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 908, where the employee is permanently partially disabled, the employer must demonstrate that the employee seeking compensation had:
 
 
 14
 (1) an existing permanent partial disability before the employment injury;
 
 
 15
 (2) that the pre-existing permanent partial disability was manifest to the employer;
 
 
 16
 (3) that the current disability is not due solely to the employment injury; and
 
 
 17
 (4) that the current permanent partial disability is materially and substantially greater than that which would have resulted from the subsequent injury alone.
 
 
 18
 See 33 U.S.C. Sec. 908(f)(1); Two "R" Drilling Co. v. Director, OWCP, 894 F.2d 748, 750 (5th Cir.1990) (emphasis added).
 
 
 19
 The evidence relating to the application of section 8(f) is to be construed liberally in favor of the employer. See Newport News Shipbuilding, 737 F.2d at 1298. It is this court's function to review the record from below to determine whether the ALJ's decision was based on substantial evidence and in conformity with the legal requirements imposed by Congress. 33 U.S.C. Sec. 921(b)(3); Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP, 681 F.2d 938, 941 (4th Cir.1982).
 
 
 20
 The evidence before the ALJ conclusively established requirements (1) and (2), i.e., that Roughton's artery disease and hypertension, diagnosed in 1981, existed prior to the diagnosis of asbestosis and were clearly manifest to NNS prior to Roughton's 1982 retirement.
 
 
 21
 However, we agree with the Board that the medical testimony of Dr. Harmon failed to substantiate the ALJ's finding that Roughton's carotid artery disease had resulted in a "greater degree of disability" than he would have experienced with asbestosis alone.[2] Although Dr. Harmon testified that both asbestosis and carotid artery disease may exhibit dyspnea as a symptom, he cautioned that in Roughton's case it "would be hard to really quantify which disease is causing the symptoms."
 
 
 22
 We deem Dr. Harmon's testimony insubstantial to support the finding necessary for special fund relief: i.e., that the carotid artery disease contributed materially and substantially to Roughton's permanent respiratory impairment. See Two "R" Drilling Co., 894 F.2d at 750. It is contradictory at best. While we accept the general proposition that coronary disease may cause respiratory impairment in some cases, the glaring deficiency in Dr. Harmon's testimony was its failure to link Roughton's alleged cardiac -based shortness of breath upon exertion to the 10% pulmonary deficiency as measured by the ventilatory and blood gas tests.
 
 
 23
 Thus, we affirm the Board's reversal of the ALJ's award of second injury fund relief.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 Section 8(f) allows the employer to shift financial responsibility for the payment of disability benefits to the Director's (Office of Workers' Compensation) "second injury fund" when the employer demonstrates that a pre-existing disability has combined with a job-related disability to cause the claimant's total disability. 33 U.S.C. Sec. 908(f); see Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding and Dry Dock Co., 737 F.2d 1295, 1296 n. 1 (4th Cir.1984). If such a showing is made, the employer shall pay only the first 104 weeks of benefits, with the remainder being absorbed by the second injury fund
 
 
 [2]
 The ALJ failed to elaborate on whether Roughton's carotid artery disease had "materially and substantially" contributed to his permanent partial respiratory impairment. We interpret this omission, as did the Benefits Review Board, as a failure to apply the applicable legal standard required by the statute. 33 U.S.C. Sec. 908(f)(1)