998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Diann L. DEARING, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Newport News
Shipbuilding and Dry Dock Company, Respondents.
 No. 92-1782.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 5, 1993.
Decided: July 9, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board. (90-1552)
 Robert Elliott Walsh, Rutter & Montagna, Norfolk, Virginia, for Petitioner.
 Jonathan Henry Walker, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for Respondents.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This case arises from the Decision and Order of the Benefits Review Board, United States Department of Labor to affirm a Decision and Order of an Administrative Law Judge denying benefits on a claim filed pursuant to the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 et seq. (1988) ("Act"). This appeal raises a causation issue under the Act.
 
 I.
 
 2
 Petitioner, Diann L. Dearing, sustained an injury to her back on November 27, 1985 while in the course of her employment as a lineman-welder in the X-18 Welder's Department of her employer, Newport News Shipbuilding and Dry Dock Company ("employer"). Petitioner continued working and did not report the accident to employer until December 10, 1985. At that time, a physician diagnosed petitioner as suffering from a back strain. The doctor placed physical restrictions on petitioner, and she returned to work in the Welder's Department.
 
 
 3
 From January 1986 to March 1987, employer referred petitioner to several different physicians because of continuing back pain. These doctors issued to petitioner a series of restrictions which were scheduled to expire on March 24, 1987. Pursuant to the Act, employer voluntarily paid petitioner temporary total disability benefits for January 13, 1986, March 6, 1986 through April 27, 1986, December 1, 1986 through December 3, 1986, and January 19, 1987. On March 9, 1987, petitioner was involved in an automobile accident which injured her back. Dr. James L. Phillips, M.D., who treated petitioner following the accident, removed her from work. Petitioner has not returned to work since that time.
 
 
 4
 On September 1, 1987, petitioner was involved in a second automobile accident which again injured her back. At that time, petitioner was being treated with medication and physical therapy for her earlier back injury in March 1987. An MRI[1] and CAT[2] scan, subsequently performed in April 1988, revealed a disc herniation at the L4-L5 level. Dr. George Gruner, M.D., a neurosurgeon, performed an operation to correct the disc herniation on May 17, 1988. Petitioner then filed a claim for compensation under the Act.
 
 
 5
 The Department of Labor conducted a formal hearing on December 14, 1988 addressing the issue of whether petitioner was entitled to temporary total disability compensation commencing January 4, 1988. In his Decision and Order, the Administrative Law Judge ("ALJ") determined that based upon the medical evidence of record, petitioner's herniated disc surgery and subsequent disability were not the natural and unavoidable result of her November 27, 1985 work injury. Instead, the ALJ found that petitioner's disability was the result of her March 9, 1987 and September 1, 1987 automobile accidents. In keeping with this conclusion, the ALJ denied petitioner's claim for benefits.
 
 
 6
 On appeal before the Benefits Review Board ("BRB"), petitioner conceded that her total disability from March 9, 1987 to January 4, 1988 was the result of her two 1987 car accidents. However, petitioner argued that the ALJ erred in finding that her herniated disc, corrective surgery, and post-January 4, 1988 disability were not caused or aggravated by her November 27, 1985 work injury. The BRB, however, ruled that the ALJ was correct in his determination and therefore affirmed the ALJ on all issues. The instant appeal followed.
 
 II.
 
 7
 This appeal raises the issue of whether the ALJ properly determined that petitioner's disability arising out of her injured back was not the natural or unavoidable result of her November 27, 1985 work-related injury, but was the result of two supervening car accidents in 1987. We hold that there is sufficient evidence to support the ALJ's conclusion and therefore affirm the BRB's order to affirm the ALJ.
 
 
 8
 Petitioner's argument before this Court is essentially the same as that made before the BRB. Petitioner contends that the ALJ erred in determining that her disability was due solely to the automobile accidents she was involved in on March 9, 1987 and September 1, 1987. This is so, according to petitioner, primarily because of the testimony of Dr. Gruner, a neurosurgeon, who performed an operation on her to correct a disc herniation on May 17, 1988. Dr. Gruner testified on petitioner's behalf to the effect that her disability could be attributed, at least partially, to her work-related back injury of November 27, 1985.
 
 
 9
 Section 21 of the Act, 33 U.S.C. § 921 (1988), sets forth the applicable standard of review in this case. Under section 21, an ALJ's decision must be affirmed if it is in accordance with the law and substantial evidence exists in the record to support the ALJ's findings of fact. Section 21 states in pertinent part:
 
 
 10
 The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact.... The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.
 
 
 11
 33 U.S.C. § 921(b)(3) (1988).
 
 
 12
 The Fourth Circuit has held that it will reverse the BRB only where there is an error of law or when a finding of fact is not supported by substantial evidence. John T. Clark & Son, Inc. v. Benefits Review Board, United States Dept. of Labor., 621 F.2d 93, 95 n.3 (4th Cir. 1980) (citing O'Leary v. Brown-Pacific-Maxon, Inc ., 340 U.S. 504, 508 (1951)). The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 13
 Under section 20(a) of the Act, 33 U.S.C. § 920(a) (1988), if a claimant illustrates that he suffered a harm and that employment conditions existed or an accident occurred which could have caused, aggravated or accelerated the resulting condition, then the claimant is entitled to a presumption that his disabling condition is causally related to his employment. Merrill v. Todd Pacific Shipyards Corp., 25 Ben. Rev. Bd. Serv. 140, 144(MB) (Nov. 26, 1991) (citing Gencarelle v. General Dynamics Corp., 22 Ben. Rev. Bd. Serv. 170, aff'd, 892 F.2d 173 (2d Cir. 1989)).
 
 
 14
 Once a claimant has established the presumption, the burden shifts to the employer to rebut the presumption with substantial evidence. James v. Pate Stevedoring Co., 22 Ben. Rev. Bd. Serv. 271, 273(MB) (May 31, 1989). The unequivocal testimony of a physician that no relationship exists between a claimant's disabling condition and the claimant's employment is sufficient to rebut the presumption. Kier v. Bethlehem Steel Corp., 16 Ben. Rev. Bd. Serv. 128, 129-30(MB) (Feb. 27, 1984). Finally, if the presumption is successfully rebutted by the employer, then the ALJ must weigh all of the evidence and resolve the causation issue on the basis of the record as a whole. Hughes v. Bethlehem Steel Corp., 17 Ben. Rev. Bd. Serv. 153, 155(MB) (July 22, 1985).
 
 
 15
 If a non-work-related event occurs which causes a claimant to be injured, then the employer may also rebut the section 20(a) presumption by introducing substantial evidence that the claimant's disability was not caused by an earlier work-related injury. James, 22 Ben. Rev. Bd. Serv. at 273. Furthermore, the employer is liable for the entire second injury only where the claimant can prove that the second injury was the natural or unavoidable result of the first work-related injury. Merrill, 25 Ben. Rev. Bd. Serv. at 144. However, where the second injury has an intervening cause, the employer is only liable for that portion of the disability which can be directly attributed to the first work-related injury. Bailey v. Bethlehem Steel Corp., 20 Ben. Rev. Bd. Serv. 14, 16(MB) (June 17, 1987).
 
 
 16
 It is undisputed that petitioner sustained a work-related back injury on November 27, 1985. Thus, petitioner is entitled to the section 20(a) presumption that her disability was caused by her work-related injury. However, as stated above, an employer may introduce evidence to rebut petitioner's section 20(a) presumption.
 
 
 17
 In this case, to rebut petitioner's section 20(a) presumption, employer introduced the testimony of four doctors all of whom indicated that petitioner's injury was due entirely to the two automobile accidents she suffered in 1987. Petitioner countered with the testimony of a single doctor, her neurosurgeon, Dr. Gruner.
 
 
 18
 All of the testimony introduced by employer came from doctors who had established a long-term relationship with petitioner. However, petitioner's expert, Dr. Gruner, was exposed to petitioner only as the surgeon who operated on her to remove her herniated disc in 1988. Further, Dr. Gruner admitted that he could not determine, solely on the basis of the surgery he performed what had caused petitioner's injury.
 
 
 19
 Given the above facts, it was completely reasonable and clearly within the ALJ's discretion to discount Dr. Gruner's testimony and credit the testimony of the other four doctors. Such being the case, these opinions of employer's physicians undoubtedly constitute substantial evidence to support its successful rebuttal of petitioner's section 20(a) presumption. The ALJ's determination that petitioner's herniated disc, corrective surgery, and subsequent disability were unrelated to her November 27, 1985 work-related injury is rational and supported by the record as a whole. Accordingly, the BRB's decision to affirm the ALJ is hereby
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Acronym for "nuclear magnetic resonance imaging" which is a very complex electronic procedure for producing images of internal structures of the body. 3 J.E. Schmidt, M.D., Schmidt's Attorneys' Dictionary of Medicine N-92 (Rel. 25-2/92) [Hereinafter Schmidt's Dictionary ]
 
 
 [2]
 Acronym for "computerized axial tomography" which is a form of tomography (X-ray) in which a computer is used to reconstruct the anatomical features of the organ or structure studied. 1 Schmidt's Dictionary at C-313