**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Petitioner,

v.

NORFOLK SHIPBUILDING & DRYDOCK
CORPORATION; LENIAL M. BRITE,
Respondents.

No. 96-2652

On Petition for Review of an Order
of the Benefits Review Board.
(94-2207)

Submitted: June 17, 1997

Decided: November 17, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

J. Davitt McAteer, Acting Solicitor of Labor, Carol A. De Deo, Asso-
ciate Solicitor, Samuel J. Oshinsky, UNITED STATES DEPART-
MENT OF LABOR, Washington, D.C., for Petitioner. R. John
Barrett, James R. Harvey III, VANDEVENTER, BLACK, MERE-
DITH & MARTIN, L.L.P., Norfolk, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Director of the Office of Workers' Compensation Programs petitions for review of the final order of the Benefits Review Board ("BRB") of the United States Department of Labor granting respondent Norfolk Shipbuilding and Drydock Corporation ("Norfolk") relief from its compensation liability under 33 U.S.C. § 908(f) (1994) of the Longshore and Workers' Compensation Act (the"Act").[1] We vacate the decision and order of the BRB and remand to the administrative law judge ("ALJ") for reconsideration of the causation element of § 908(f) relief.

Lenial Brite, an employee of Norfolk, injured his back and knee on February 21, 1987, when he fell forty feet into the hold of a ship. Brite never resumed his regular job, and due to the progressive worsening of his back pain, he retired in September 1990. Brite then filed a claim for permanent total disability benefits under the provisions of the Act. The parties stipulated that Brite was permanently and totally disabled as of September 3, 1991. Those benefits are not in dispute.

The ALJ also found that Brite suffered from hearing loss, which constituted a pre-existing permanent partial disability. After noting that Brite's hearing loss restricted him "from performing any light duty work that might accommodate his back injury," the ALJ held that Norfolk was entitled to § 908(f) relief.

_____

[1] The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Brite's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in this court.

2

Section 908(f) limits the employer's liability for compensation payments for permanent total disabilities when the claimant had a pre-existing permanent partial disability, and the disability which exists after the work-related injury is "found not to be due solely" to that injury. See Lawson v. Suwanee Fruit & S.S. Co. , 336 U.S. 198, 200 (1949). This section was designed to remove an employer's financial incentive to discriminate between able-bodied and partially disabled workers in its hiring practices. See Director, OWCP v. Newport News Shipbuilding, 737 F.2d 1295, 1297-1298 (4th Cir. 1984). In such cases where the employer is entitled to § 908(f) relief, the employer's liability is transferred to a Special Fund administered by the Department of Labor.

It is clear that the first two requirements for§ 908(f) relief are: (1) the employee had a pre-existing permanent partial disability, and (2) this disability was manifest to the employer prior to the subsequent injury. See id. at 1298. At issue here is the third requirement, which relates to the interaction between the pre-existing condition and the subsequent work-related injury.

The Director urges a "but for" test outlined by the Second Circuit in Director, OWCP v. Luccitelli, 964 F.2d 1303, 1306 (2d Cir. 1992). The Luccitelli court held that the employer must prove that the claimant's subsequent injury alone would not have caused the claimant's total permanent disability. Id.

Norfolk contends that this interpretation is too limited and instead asserts that the proper test is a "combination test" where the only requirement is whether the pre-existing injury contributed to the ultimate impairment.**2** In support of this standard, Norfolk cites Maryland Shipbuilding v. Director, OWCP, 618 F.2d 1082 (4th Cir. 1980).

_____

**2** An "impairment" is a medical term referring to the percentage of the whole body rendered ineffective by an injury or condition. A "disability" is a legal term measuring the incapacity to earn wages because of injury. A person, therefore, could be partially impaired by an injury without being partially disabled. See Director, OWCP v. Newport News Shipbuilding, 8 F.3d 175, 183-84 (4th Cir. 1993), aff'd, 514 U.S. 122 (1995). Norfolk effectively contends that so long as the pre-existing disability contributed to a greater impairment, the fact that the claimant would have been totally disabled by the subsequent injury is irrelevant.

3

However, we find that Maryland Shipbuilding does not support this proposition. In fact, Maryland Shipbuilding specifically adopted the "but for" standard espoused by the Director, holding that § 908(f) is intended to protect employers "from paying total disability compensation for an injury that would have been a partial disability but for pre-existing conditions." 618 F.2d at 1084 (emphasis added). Further, although occasionally courts use "combination" language as a type of shorthand description of the statutory requirement, the "but for" test is nearly universally applied, even in cases cited by Norfolk. See Newport News, 737 F.2d at 1298 (transferring the financial burden from the employer to the Director's "second injury fund" relieves an employer from long term liability for any work place injury that would not also be totally disabling to an able-bodied worker); John T. Clark & Son v. Benefits Review Bd., 621 F.2d 93, 95 n.2 (4th Cir. 1980) (if subsequent injury is alone sufficient to cause permanent total disability, the mere presence of a pre-existing disability will not warrant special fund contribution); see also Director, OWCP v. Jaffe New York Decorating, 25 F.3d 1080, 1085 (D.C. Cir. 1994) (employer must show that subsequent injury alone would not have caused total permanent disability); FMC Corp. v. Director, OWCP, 886 F.2d 1185, 1186-87 (9th Cir. 1989) (same).

Here, the ALJ awarded § 908(f) relief based on the finding that "Claimant's disability is greater than it would have been as a result of his work-related . . . injury alone," and that "[t]he opinion of Dr. Geib is uncontradicted that Claimant's permanent total disability is not due solely to his 1987 back injury."**3** From these statements and our review of the administrative record, it is unclear whether the ALJ used the term "disability" as a term of art to refer to Brite's impairment (in which case the ALJ appears to have applied the combination test), or whether the ALJ found that Brite would not have been permanently totally disabled in the absence of the pre-existing injury (the correct "but for" test).

Because we are unable to discern whether the ALJ applied the correct standard, we vacate the decision of the BRB and remand to the ALJ for reconsideration of the causation element under the "but for"

---

**3** Dr. Geib testified that Brite's 1987 back and knee injury "combined with" the hearing loss to render Brite totally disabled.

4

test of <u>Maryland Shipping</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5