**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALICE FLOOD,
Petitioner,

v.

NAF BILLETING BRANCH; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 96-2575

On Petition for Review of an Order
of the Benefits Review Board.
(94-2640)

Submitted: January 6, 1998

Decided: January 27, 1998

Before HALL, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Klein, Matthew H. Kraft, RUTTER & MONTAGNA, L.L.P.,
Norfolk, Virginia, for Petitioner. Patrick A. Roberson, SMITH, SOM-
ERVILLE & CASE, L.L.C., Baltimore, Maryland, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alice Flood petitions this court for review of a decision of the Department of Labor's Benefits Review Board ("BRB"). The BRB summarily affirmed the decision of an administrative law judge ("ALJ"), who denied Flood's claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997) ("the Act") for temporary total disability benefits.[1] The ALJ found that Flood had failed to prove causation between her on-the-job injury and her subsequent disabling condition. Because substantial evidence supports the findings of the ALJ, we affirm.

A claimant seeking disability benefits under the Act must establish her inability to return to her former employment. [2] Flood worked as a quality control inspector for three years. She sustained injuries to her neck, right shoulder, and right elbow on October 9, 1992, when, while in the course of her employment, stacked boxes of mattress pads fell on her. Flood gave her employer timely notice of these injuries and sought medical attention within a week of the accident.[3] She immedi-

_____

[1] The BRB did not address the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provision of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Flood's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in this court.

[2] **See See v. Washington Metro. Area Transit Auth.**, 36 F.3d 375, 380 (4th Cir. 1994).

[3] Flood reported only that she was suffering from neck and shoulder pain. Cervical X-rays showed an apparently normal alignment, cervical spondylosis with degenerative disc disease.

2

ately returned to work, performing light-duty tasks from October 1992 to December 1992. Flood thereafter resumed her full and regular job duties and continued to work in that capacity until March 1993.

In March 1993, Flood visited Dr. McAdam, an orthopedic surgeon and Flood's primary treating physician, and informed him of severe pain she was experiencing in her back and right leg, reportedly related to a "coughing episode."[4] On the medical questionnaire, Flood stated that her pain was not the result of a work-related accident. Because of this severe pain, Flood did not return to work. Dr. McAdam subsequently performed two lower-back operations to relieve Flood's complaints of pain.

The Department of Labor conducted a formal hearing addressing whether Flood's disability was caused by her on-the-job injury and whether Flood was entitled to temporary total disability compensation. In his Decision and Order, the ALJ determined that although Flood established a prima facie case that "an accident occurred which could have caused the harm or pain," the medical evidence relied upon by the employer successfully rebutted the presumption of causation, thereby directing the ALJ to review the record as whole. Upon such review, the ALJ concluded that Flood failed to meet her burden of proof on the subject of causation and denied her claim for benefits.

This petition raises the issue of whether the ALJ properly found that the employer successfully rebutted the presumption of causation. Section 21 of the Act, in pertinent part, sets forth the applicable standard of review:

> The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact . . . . The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.

---

[4] Although Flood testified that she was constantly in pain following the October 1992 accident and that she informed two of her supervisors of her pain, she did not seek any additional medical attention for the pain prior to March of 1993.

33 U.S.C.A. § 921(b)(3).

This court will reverse the BRB only where there is an error of law or when a finding of fact is not supported by substantial evidence.**5** The United States Supreme Court has defined "substantial evidence" as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"**6**

If a claimant establishes that she suffered a harm, and that employment conditions existed, or an accident occurred, which could have caused, aggravated or accelerated the resulting condition, then the claimant is entitled to a rebuttable presumption that the disabling condition is causally related to her employment.**7** Once a claimant has established the presumption, the burden shifts to the employer to rebut the presumption with substantial evidence that severs the causal connection.**8** The unequivocal testimony of a physician that no relationship exists between a claimant's disabling condition and the claimant's employment is sufficient rebuttable evidence.**9** Finally, if the presumption is successfully rebutted by the employer, then the ALJ must weigh all of the evidence and resolve the causation issue on the basis of the record as a whole.**10**

If a non-work-related injury befalls a claimant, the employer may then rebut the section 20(a) presumption by introducing substantial

_____

**5 See John T. Clark & Son, Inc. v. Benefits Review Bd.**, 621 F.2d 93, 95 n.3 (4th Cir. 1980) (quoting O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508 (1951)).
**6 Richardson v. Perales**, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
**7 See** 33 U.S.C.A. § 920(a); Brown v. ITT Continental Baking Co. & Ins., 921 F.2d 289, 295 (D.C. Cir. 1990); Merrill v. Todd Pacific Shipyards Corp., 25 BRBS 140, 144 (MB) (Nov. 26, 1991) (citing Gencarelle v. General Dynamics Corp., 22 BRBS 170, aff'd 892 F.2d 173 (2d Cir. 1989)).
**8 See James v. Pate Stevedoring Co.**, 22 BRBS 271, 273 (MB) (May 31, 1989).
**9 See Kier v. Bethlehem Steel Corp.**, 16 BRBS 128, 129-30 (MB) (Feb. 27, 1984).
**10 See Brown**, 921 F.2d at 295.

4

evidence that the claimant's disability was not caused by an earlier work-related injury.**11** The employer will be liable for the entire second injury only if the claimant can prove that the second injury was the natural or unavoidable result of the first work-related injury.**12** However, if the second injury has an intervening cause, the employer will only be liable for that portion of the disability that can be directly attributed to the first work-related injury.**13**

It is undisputed that Flood sustained a work-related injury on October 9, 1992. Thus, Flood is entitled to the section 20(a) rebuttable presumption that her disability was caused by her work-related injury. In rebuttal, Flood's employer relied on the medical opinions of Drs. McAdam and Mason.**14** Neither physician was able to state with certainty that there was a definite relationship between Flood's on-the-job injury and her subsequent disabling condition. In addition, the spinal X-ray taken shortly after the accident was negative. Moreover, Flood immediately returned to work and did not complain of any back pain until nearly one month after the accident. Finally, Flood did not seek medical attention for her pain until nearly five months after the accident and did not inform her physician of the accident for an additional two months.**15**

We find that it was completely reasonable and clearly within the ALJ's discretion to conclude that Flood had failed to meet her burden of persuasion. The ALJ's determination that Flood's pain in her back and leg, corrective surgeries, and subsequent disability were unrelated to her October 9, 1992, work-related injury is rational and supported by the record as a whole. Accordingly, the BRB's decision to affirm the ALJ is hereby affirmed. We dispense with oral argument because

_____

**11 See Merrill**, 25 BRBS at 144.
**12 Id.**
**13 See Bailey v. Bethlehem Steel Corp.**, 20 BRBS 14, 16 (June 17, 1987).
**14** Dr. Mason, also an orthopedic specialist, reviewed Dr. McAdam's notes and conducted an independent medical evaluation of Flood.
**15** Flood informed Dr. McAdam of the on-the-job injury nearly one month after he had already performed the first of two operations on her lower back.

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6