**TODD SHIPYARDS CORPORATION and Aetna Casualty & Surety Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR, Respondent.**

**Juan Porras, Claimant.**

**No. 85–7620.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 1986.

Decided July 1, 1986.

Norman Samuelsen, Samuelsen, Coalwell & Gonzalez, San Pedro, Cal., for petitioners.

Marianne D. Smith, U.S. Dept. of Labor, Washington, D.C., James McAdams, Wilmington, Cal., for respondent.

Before BOOCHEVER, NORRIS and HALL, Circuit Judges.

BOOCHEVER, Circuit Judge:

This case presents the narrow issue whether an employer may obtain relief under section 8(f) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 908(f) (1982) (as amended),[1] when the employee/claimant is awarded a de minimis disability benefit for the purpose of keeping available that employee's right to seek modification of the award until the economic effects of the disability become apparent. The Benefits Review Board (Board) of the United States Department of Labor affirmed an administrative law judge's (ALJ) decision denying the claim of the employer (Todd) for section 8(f) relief. We affirm.

## FACTS

Porras, an employee of Todd, sustained a series of work-related injuries from 1976 to October 3, 1980, and applied for permanent partial disability benefits under the LHWCA. The ALJ found a permanent partial disability resulting from the original injury and the cumulative effect of subsequent injuries, but also found that Porras had no immediate wage-earning loss because Porras had a five-year contract for light work at full salary. The ALJ declined to estimate in dollar terms the potential economic effects of the disability but instead granted Porras a nominal award of $3.00 per week, which represented a one percent loss of wage-earning capacity as a result of the October 3, 1980 injury. This nominal award extended Porras' right to seek modification of the award when the

---

1. Although the LHWCA was amended in 1984, Pub.L. No. 98–426, 98 Stat. 1639 (Sept. 28, 1984), those amendments are not relevant to this appeal. The relevant portion of section 8(f) provides:

If following an injury falling within the provisions of subsection (c)(1)–(20) of this section, the employee has a permanent partial disability and the disability is found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide compensation for the applicable period of weeks provided for in that section for the subsequent injury, or for one hundred and four weeks, whichever is the greater ....

economic effects of the injury became apparent. *See* 33 U.S.C. § 922 (1982).

The ALJ's award of a nominal disability benefit in a situation where the potential effects of the injury are not immediately apparent may raise significant questions. The Board expressed its objection to such awards in its opinion, alleging that they infringe the province of the legislature because they extend the time limitation for seeking modification. Such awards have been approved by the Fifth Circuit, *see Hole v. Miami Shipyards Corp.*, 640 F.2d 769 (5th Cir.1981), and the District of Columbia Circuit, *see Randall v. Comfort Control, Inc.*, 725 F.2d 791 (D.C.Cir.1984). We need not consider the question because neither party challenged the validity of the award and it is not before us.

The ALJ also found that section 8(f) relief was "not at this time available" to Todd. Section 8(f) shifts the liability to pay compensation for permanent partial disability after 104 weeks from the employer to the special fund established in 33 U.S.C. § 944 (1982 & Supp.II 1984), if there was a manifest pre-existing permanent partial disability which combined with a subsequent work-related injury so as to contribute to a greater degree of permanent partial disability, and the resulting disability is "materially and substantially greater than that which would have resulted from the subsequent injury alone," 33 U.S.C. § 908(f)(1). The ALJ concluded that, because the disability resulting from the subsequent injury in its economic sense was only nominal at this time, "[l]ogically, therefore, it cannot be determined that [the] disability is materially and substantially greater ...." The Board affirmed the ALJ's denial of relief, agreeing that Todd failed to satisfy the requirements of section 8(f) at this time.[2]

## ANALYSIS

### Standard of Review

The Board reviews the ALJ's findings of fact to see if they are supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3) (1982). We review the Board's decisions for adherence to the statutory standard governing the review of facts and for errors of law. *Long v. Director, Office of Workers' Compensation Programs*, 767 F.2d 1578, 1580 (9th Cir. 1985). "Because the Board is not a policy-making agency, its interpretation of the LHWCA is not entitled to any special deference .... [This] court has noted, however, that it will respect the Board's interpretation of the statute 'where that interpretation is reasonable and reflects the policy underlying the statute.'" *Id.* (quoting *National Steel & Shipbuilding Co. v. United States Department of Labor*, 606 F.2d 875, 880 (9th Cir.1979)).

### Discussion

The sole issue is whether the "materially and substantially greater" criterion of section 8(f) can be met when a nominal *"Hole"* benefit is awarded. The language of section 8(f) is clear that the resulting permanent partial disability has to be materially and substantially greater than that which would have resulted from the subsequent injury alone. The Board did not err in concluding that an award of one percent disability measured at $3.00 a week cannot be "materially and substantially greater" than that caused by the last injury alone.

■ The Board's decision is supported by its interpretation of the policy basis of the provision. The Board commented:

We note that if Section 8(f) were held applicable to this *de minimis* award, employer would, in effect, have escaped lia-

---

**2.** The Board did note: "Because the *de minimis* award keeps the Section 22 right to modification alive indefinitely, if and when the claimant's economic disability becomes significant, claimant may seek modification, and employer can again pursue Section 8(f) relief." At oral argument the Department of Labor stipulated that Todd would not be precluded from seeking section 8(f) relief in a subsequent modification proceeding. Thus section 8(f) relief is not irrevocably denied Todd.

bility for any significant benefits. If the claimant obtained a greater award after modification, liability would then fall upon the fund. This situation is especially troubling here as employer does not contest the award to claimant, but appeals only to obtain the benefits of Section 8(f).

Section 8(f) was enacted to encourage employers to hire handicapped workers by requiring employers to pay only their fair share of benefits for work-related injuries that aggravated preexisting conditions. If section 8(f) were applicable here, Todd would be liable only for two years' payment of $156 per year and would avoid liability for any substantial disability that appeared later. That result is not warranted. In the event of a modification of the award increasing the permanent partial disability it is conceded that the employer will have the opportunity of showing that that disability is substantially greater than would have resulted from the October, 1980 injury alone.

We hold that when a *Hole* de minimis award is granted, section 8(f) relief is not appropriate. The criterion of a disability "materially and substantially greater than that which would have resulted from the subsequent injury alone" is not met in this case. The order of the Board is

AFFIRMED.