Filed:  December 4, 1997

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 96-2546
(94-4001-BLA)

_____

Newport News Shipbuilding and Dry Dock Company,

Petitioner,

versus

Director, Office of Workers' Compensation Pro-
grams, etc.,

Respondent.

_____

O R D E R

_____

The Court amends its opinion filed September 12, 1997 as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status is changed to read "Reversed and remanded by published per curiam opinion."

On page 2, section 2 -- the reference to use of unpublished opinions as precedent is deleted.

For the Court - By Direction

/s/ Patricia S. Connor

_____

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondent.

No. 96-2546

On Petition for Review of an Order
of the Benefits Review Board.
(94-4001-BLA)

Argued: June 3, 1997

Decided: September 12, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Reversed and remanded by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Melvin Mesnard, SEYFARTH, SHAW, FAIR-
WEATHER & GERALDSON, Washington, D.C., for Petitioner.
LuAnn Blanche Kressley, Office of the Solicitor, UNITED STATES
DEPARTMENT OF LABOR, Washington, D.C., for Respondent.
**ON BRIEF:** J. Davitt McAteer, Acting Solicitor of Labor, Carol A.

De Deo, Associate Solicitor, Janet R. Dunlop, Counsel for Longshore, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.

---

**OPINION**

PER CURIAM:

Newport News Shipbuilding & Dry Dock Company ("Newport News") petitions for review of an order of the Department of Labor's Benefits Review Board ("the Board"). The Board summarily affirmed[1] the decision of an administrative law judge ("ALJ") who granted Jackie H. Harcum's claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950 (1994), and denied Newport News' request for relief under § 908(f) for pre-existing disability.

Jackie Harcum filed a claim for compensation benefits against his employer, Newport News, for a disability resulting from an October 21, 1985, employment injury to his back. An ALJ first heard the case on October 20, 1989, and found that Newport News had established that Harcum's pre-existing disability, combined with his more recent

---

[1] The Board never addressed the merits of the appeal. On September 12, 1996, the Board sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the Board relating to claims under LHWCA which have been pending before the Board for more than one year, shall, if not acted upon before September 12, 1996, be considered affirmed by the Board. Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321-218 (1996). Because Harcum's appeal met these criteria, the Board informed the parties that the ALJ's decision had been effectively affirmed by the Board on September 12, 1996, for purposes of their rights to obtain review in this court.

2

injury, caused a greater degree of disability than would have resulted solely from the injury Harcum sustained on October 21, 1985. In his order dated March 28, 1990, the ALJ found Newport News was entitled to § 8(f)[2] relief because it had established each of the required elements. Specifically, the ALJ found that Harcum's pre-existing disability "combined with his last injury and caused a greater degree of disability than that which would have resulted solely from the final injury." J.A. 19. Therefore, the ALJ concluded that Harcum's disability was within the scope of § 8(f) of LHWCA so that Newport News was entitled to relief. The Director appealed that decision to the Board, which affirmed the ALJ's award of § 8(f) relief.

On an ensuing petition for review to this court we reversed the award of § 8(f) relief and remanded to the ALJ to re-evaluate Harcum's claim. Director, OWCP v. Newport News Shipbuilding and Dry Dock Co., 8 F.3d 175 (4th Cir. 1993), aff'd on other grounds, 514 U.S. 122 (1995) ("Harcum I").[3] On remand, the ALJ determined

_____

**2** Section 8(f) provides:

>     (f) Injury increasing disability:
>
>      (1) In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as is found to be attributable to that injury based upon the average weekly wages of the employee at the time of the injury. . . . In all other cases of total permanent disability or of death, found not to be due solely to that injury, of an employee having an exiting permanent partial disability, the employer shall provide . . . compensation payments or death benefits for one hundred and four weeks only. . . .
>
>      In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide . . . compensation for one hundred and four weeks only.

33 U.S.C. § 908(f)(1) (1994) (emphasis added).

**3** The Director petitioned for certiorari to review that portion of this court's decision holding that the Director lacked standing to appeal the extent of disability issue. The Director's petition for certiorari was granted and the Supreme Court affirmed this court's decision on that issue.

3

Newport News was not entitled to § 8(f) relief. Specifically, the ALJ found that the only new evidence presented by Newport News to support its request for § 8(f) relief was a report by Ms. Edith Edwards, a certified vocational rehabilitation specialist. The ALJ deemed Ms. Edwards' report insufficient evidence to entitle Newport News to relief.

The present petition for review by Newport News followed.

We review the Board's decision for errors of law and to determine whether the Board observed its statutorily-mandated standard for reviewing the ALJ's factual findings. Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 543 (4th Cir. 1988); Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP, 681 F.2d 938, 941 (4th Cir. 1982). In turn, the Board's review of the ALJ's factual findings is limited by the requirement that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). Since under the procedure introduced by Public Law 104-134, the ALJ's decision was affirmed by default, there is no Board decision for the court to review; the ALJ's findings of fact must therefore be upheld if supported by substantial evidence.

In Harcum I, we remanded the employer's claim for § 8(f) relief for further consideration of the "contribution" element. Section 8(f) of LHWCA serves to limit the benefits an employer must pay an employee for a work-related injury when the injury was preceded by a permanent partial disability. In applying § 8(f) in Harcum I we held that when an employee who has a pre-existing permanent partial disability sustains an additional work-related injury that results in permanent partial disability, the employer must provide compensation for 104 weeks only if:

> (1) the ultimate permanent partial disability is due to both the work-related injury and the pre-existing partial disability, and;

> (2) the ultimate permanent partial disability is materially and substantially greater than a disability from the work-related injury alone would be.

4

Harcum I, 8 F.3d at 182 (footnote omitted).

To qualify for § 8(f) relief when an employee is permanently totally disabled, the employer must show that (1) the employee had an existing permanent partial disability before the occurrence of the work-related injury; (2) the pre-existing permanent partial disability was manifest to the employer prior to the subsequent work-related injury; and (3) the ultimate permanent total disability is "not [ ] due solely to th[e work-related] injury." Id. at 185 (citations omitted). However, when an employee is permanently partially disabled, but not totally disabled, § 8(f) requires the employer to make the additional showing that the ultimate permanent partial disability is materially and substantially greater than a disability from the work-related injury alone. Thus, there is a heavier burden on the employer to obtain the relief for a permanently partially disabled employee. Id.

In Harcum I, we spelled out what an employer must do to satisfy this contribution criterion:

> To satisfy this additional prong of the contribution element, the employer must show by medical evidence or otherwise that the ultimate permanent partial disability materially and substantially exceeds the disability as it would have resulted from the work-related injury alone. A showing of this kind requires quantification of the level of impairment that would ensue from the work-related injury alone. In other words, an employer must present evidence of the type and extent of disability that the claimant would suffer if not previously disabled when injured by the same work-related injury. Once the employer establishes the level of disability in the absence of a pre-existing permanent partial disability, an adjudicative body will have a basis on which to determine whether the ultimate permanent partial disability is materially and substantially greater.

Id. at 185-86 (emphasis added).

Newport News maintains that it met this "quantification" standard with the introduction of Ms. Edwards' report. Specifically, it contends that Ms. Edwards' report shows that without the pre-existing cervical

5

spine injury, Harcum would be capable of earning $6.00 per hour in 1984 dollars. With the injury, he is only capable of earning $3.80 per hour. Moreover, Ms. Edwards' report opines that if Harcum had not had cervical spine surgery, he would be eligible for jobs in telephone marketing, for which he would otherwise be qualified. However, because of the spine injury, telephone solicitation is not a possible vocational option. On this basis, Newport News argues that Harcum's residual wage-earning capacity is reduced by $2.20 per hour because of the pre-existing disability, approximately 36.6% less than he would be able to earn without the spine injury.

The Director argues that accepting Newport News' interpretation of Harcum I would contradict prior Fourth Circuit opinions in Director, OWCP v. Newport News Shipbuilding & Dry Dock Co., 737 F.2d 1295 (4th Cir. 1984) ("Barclift"), and Maryland Shipbuilding & Drydock Co. v. Director, OWCP, 618 F.2d 1082 (4th Cir. 1980) ("Maryland Shipbuilding"). The Director contends that in Barclift and Maryland Shipbuilding, we phrased the contribution element issue as "Would the worker have been less disabled and the employer's liability for compensation decreased but for the worker's pre-existing impairment?" Dir.'s Br. at 22.

There is no "but-for" requirement in Harcum I. And, in both Barclift and Maryland Shipbuilding, the employee's ultimate disability was total, whereas in the present case the employee's disability is only permanent and partial. Unlike the situation involving an employee with a permanent partial disability, where an employee has a permanent total disability, the employer need not show that the ultimate disability is materially and substantially greater than the disability resulting solely from the work-related injury would have been. Harcum I, 8 F.3d at 184 n.6.

The Director also argues that the ALJ correctly concluded that Ms. Edwards' report is insufficient support for Newport News' position that it proved the materially and substantially quantification for contribution. The contention is that Ms. Edwards' report, the only evidence the employer submitted pursuant to this court's remand, "contains absolutely no comparisons of physical impairment ratings and no opinion that the claimant was materially and substantially more physically impaired following his compensable back injury than

6

he would have been had he not sustained a prior cervical injury." Moreover, the Director contends that since Ms. Edwards is not a physician, she is not qualified to give such an opinion.

We did not in Harcum I hold that only medical evidence could be used by the employer to meet the contribution standard of § 8(f), though that, for obvious reasons, is customarily the sort of evidence that is presented. Harcum I specifically provided that employers might prove entitlement to § 8(f) relief by "medical evidence or otherwise." The ALJ gave no reasons for his decision rejecting § 8(f) relief on remand. His two-sentence analysis merely stated that

> As noted by the Director, this report by Ms. Edwards falls short of the evidence required by the Fourth Circuit's decision in this case. Employer has failed to submit evidence that shows quantification of the level of impairment that would ensure from the work-related injury alone.

J.A. 55.

Upon review of Ms. Edwards' report, we are satisfied that by its means Newport News presented exactly the quantification of evidence that this court envisioned in Harcum I. In fact, the court cannot discern how the objective quantification provided by Ms. Edwards is in any way deficient. The Director asserts, and the ALJ apparently believed, that the quantification criterion may be satisfied only through medical evidence provided by physicians' opinions. As indicated, we did not in Harcum I and have not in other decisions so limited the quantification proof required for § 8(f) relief. Nor is there anything in the LHWCA limiting employers to medical opinions to establish the contribution requirement. See Sproull v. Director, OWCP, 86 F.3d 895, 900 (9th Cir. 1996).

As the court specifically stated in Harcum I, Newport News was entitled to establish the contribution requirement by medical or other evidence. Ms. Edwards' report satisfied the quantification requirement of the level of impairment that this court enunciated in Harcum I. Based on Ms. Edwards' report, the ALJ had a sufficient basis to award Newport News § 8(f) relief because Mr. Harcum's ultimate permanent partial disability was materially and substantially greater

7

than his disability caused by the work-related injury only. In failing to so find, the ALJ's findings of fact are not supported by substantial evidence in the record considered as a whole.

Accordingly, the decision of the ALJ is reversed and the case is remanded to the ALJ to award § 8(f) relief to Newport News.

<u>REVERSED AND REMANDED</u>

8